UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

_____

| | | |
|---|---|---|
| MARSHA DAVENPORT, | ) | |
| | ) | Case No. 16-4095 |
| Plaintiff, | ) | |
| | ) | |
| vs. ERIC FANNING, SECRETARY OF THE ARMY, and DEPARTMENT OF THE ARMY, | ) | COMPLAINT |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## I. INTRODUCTION

1. This is a proceeding for injunctive relief and damages to redress the deprivation of rights secured to the Plaintiff by Section 504 of the Rehabilitation Act of 1973, as amended at 29 U.S.C. § 794, et.seq. and as applied and interpreted by the ADA Amendments Act of 2008 42 U.S.C. § 12101, *et.seq.*, including the regulations promulgated to implement the ADA Amendments Act.

## II. JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 12101, *et.seq.* 29 U.S.C. § 621 *et.seq.*, and 28 U.S.C. §§ 1331 and 1343 to enforce provisions of the federal law.

3. The Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331 which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. § 1343(3) and (4) which gives district courts jurisdiction over actions to secure civil rights extended by the United States.

4. Plaintiff timely filed an informal, followed by a formal complaint of disability discrimination with the Department of Army. On May 6, 2016 the EEO office of the Department of Army

issued its Report of Investigation.  180 days has elapsed after filing the formal complaint.  This action is timely filed.

### III.  VENUE

5. The unlawful employment practices alleged all occurred at the Rock Island Arsenal, Rock Island County, Rock Island, Illinois.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district..

### IV.  PARTIES

7. The Plaintiff, Marsha Davenport, is a resident of Moline, Rock Island County, Illinois.  She has been and is a civilian employee of the Department of Army, Research Development and Engineering Command, Edgewood Chemical Biological Center (ECBC) located at the Rock Island Arsenal since July 13, 2003.  At all times relevant to this case she has been an Industrial Base analyst.

8. Plaintiff is disabled within the meaning of the Rehabilitation Act of 1973 and as interpreted by the ADAAA.  She reported physical conditions resulting from medical diagnoses of fibromyalgia, diabetes, rheumatoid arthritis and deep vein thrombosis.  These conditions were at all times relevant herein known to Defendant.

9. Plaintiff is able to perform all essential elements of her job.

10. Defendant, Department of the Army, is an agency of the United States of America conducting business at the Rock Island Arsenal as a military installation. The Defendant employs in excess of 500 employees for each working day.  The Defendant is an "employer" within the meaning of the Rehabilitation Act of 1973 as interpreted by the ADAAA.

    a. Defendant Department of the Army operates the Research Development and Engineering Command Edgewood Chemical Biological Center (ECBC) as one of its entities at the Rock Island Arsenal.

    b. ECBC employs civilian employees, one of whom is the Plaintiff.

c. Eric Hoover, a Supervisor Industrial Base Management Specialist is employed by ECBC and is Plaintiff's direct supervisor.

d. Hung Pham, a Supervisor General Engineer, is employed by ECBC and is Eric Hoover's direct supervisor with decision-making and evaluation authority for Plaintiff.

e. Gerry Handy, Director of EEO for the Department of Defense at the Rock Island installation. At one relevant point in these proceedings he was identified as the Disability Program Manager (DPM) responsible for requests for reasonable accommodations.

f. Rachel C Marshall, Affirmative Employment Program Manager, EEO for the Department of Defense at the Rock Island installation. She became the Disaiblity Program Manager after approval of Plaintiff's request for reasonable accommodationby the approving authority, Eric Hoover

## V.  FACTS

11. Plaintiff began working for the defendant on July 13, 2003.

12. At all times relevant to this complaint the plaintiff is and has been a n Industrial Base Analyst or program analyst for ECBC (RI). .

13. During May 2015 Plaintiff sent her supervisor, Eric Hoover, a request for reasonable accommodation. She requested a sit to walk workstation based on a medical need to walk ten minutes out of every sixty work minutes.

14. Eric Hoover held back Plaintiff's request for reasonable accommodation from the proper authorities at the Department of Defense and requested the Plaintiff to obtain medical documentation. Plaintiff provided that medical documentation on the forms provided by the Department of Defense to Eric Hoover.

15. Eric Hoover, outside of normal Army regulations and protocol, requesting Plaintiff to obtain medical certification for the request for reasonable accommodation.

16. The ECBC (RI) work group supervised by Hung Pham had available for its employee's use a work-stand treadmill. Employees of the ECBC (RI) work group were able to sign up for

one-half or longer intervals to use this work station. The sign up sheet was under the supervision of Hung Pham.

17. On June 30, 2015 Plaintiff and Eric Hoover agreed that Plaintiff would utlize the existing ECBC treadmill for thirty days to determine if it would meet the needs of her request for reasonable accommodation..

18. On July 30, 2015 Plaintiff reported to Eric Hoover that the office treadmill use was not sufficient as a reasonable accommodation due to its unavailabilty to Plaintiff on a regular basis because of regular use by other ECBC employees. Mr. Hoover requested Plaintiff to follow this with a written memo. On August 12, 2015 Plaintiff submitted a written report to Eric Hoover stating her inability to use the ECBC (RI) treadmill due to its continuous use by other ECBC employees. She inquired on the status of her request for a sit to walk workstation.

19. On August 12, 2015 Eric Hoover, as the official Approving Authority for the reasonable accommodation issue approved Plaintiff's request for a reasonable accommodation and approved the purchase of a sit to walk workstation.

20. On August 25, 2015 Plaintiff requested an update to the status of her reasonable accommodation request from Hung Pham.

21. On September 4, 2015 Rachel C Marshall sent Plaintiff an email indicating that the earlier approval of the request for reasonable accommodation had not been processed according to DA Guidance and a determination would be coming in the form of an official memorandum.

22. On September 8, 2015 Eric Hoover handed Plaintiff a memo dated September 4, 2015 denying the accommodation of a sit to walk workstation as being unreasonable in that it produces hardship and substantial safety risk to the agency. Instead, the Plaintiff could obtain a sit to stand workstation; she would be allowed to use two ten minute breaks in conjunction with her 30 minute lunch break and use of a telework schedule. Alternatively she could take leave as an alternative.

23. On September 28, 2015 Eric Hoover sent Plaintiff an Addendum to the September 4, 2015 memorandum changing the terms of the proposed reasonable accommodation to extend her tour of duty to accommodate a ten minute break every hour; to allow use of Leave (LWOP) to accommodate flare-ups or for additional breaks as needed; and to allow Plaintiff to march in place at a sit to stand work station. .
24. Plaintiff filed an informal complaint of discrimination on October 6, 2015 naming Eric Hoover and Hung Pham as the managers that were discriminating against her and Gerry Handy and Rachel C Marshall as the managers that had dealt incorrectly with the decision concerning her request for reasonable accommodation and subsequently changing and denying Plaintiff's request for reasonable accommodation.
25. Plaintiff amended her informal complaint of discrimination during the counseling process to assert reprisal by Eric Hoover on the basis that he was no longer assigning her adequate work to allow her to be productive.
26. On October 29, 2015 Defendant provided Plaintiff with her notice of Right to File a Formal Complaint thereby denying her informal complaint.
27. At no point during the informal complaint process did the Department of Defense attempt to facilitate a resolution despite that being a requirement.
28. On October 29, 2015 Plaintiff sent Eric Hoover a response to the September 28, 2015 Addendum requesting either a sit to walk workstation as originally requested or walk respites within her normal work day that complied with her medical restrictions. Despite further inquiries by Plaintiff concerning her requests the Defendant has not responded.
29. Plaintiff filed a formal complaint with the Defendant's EEO office on November 12, 2015.
30. Defendant has not participated in the interactive process with respect to Plaintiff's request for reasonable accommodation.
    a. At no point has Plaintiff been contacted by a person identified as a Disability Program Manager other than an email on September 4, 2015.

    b. At no point has a Disability Program Manager contacted the Plaintiff to begin the interactive process.

    c. At no point has the Disability Program Manager requested any medical documentation from Plaintiff.

    d. The request for reasonable accommodation, although initially approved, was subsequently denied more than thirty days after the request was made

    e. At the time of the denial of the request for reasonable accommodation the Disability Program Manager did not discuss the reason for the denial with Plaintiff.

    f. The denial is based, in part, on "undue hardship" without any explanation as to why it would be an undue hardship.

    g. At no time did the Disability Program Manager or the Approving Authority Eric Hoover, explore with the Plaintiff whether another accommodation would be possible other than conveying terms pursuant to the September 28, 2015 Addendum.

    h. At no time has the Disability Program Manager, the Approving Authority Eric Hoover, or the Defendant provided the Plaintiff with a Resolution of Reasonable Accommodation or similar notification.

31. Plaintiff has been able to perform the essential functions of whatever job she has been assigned throughout the period that she has worked for the Defendant.

## VI.  FIRST CAUSE OF ACTION

32. The plaintiff repeats paragraphs one through thirty as if fully set forth herein.

33. The plaintiff has fibromyalgia, diabetes, rheumatoid arthritis and deep vein thrombosis.

34. The plaintiff's impairment substantially limits the plaintiff's ability to sit for any length of time in excess of sixty minutes.

35. Defendant knew of plaintiff's impairment.

36. The plaintiff can perform the essential functions of her job as a program analyst at all times without loss of productivity within a normal workday if she were provided a sit to walk

workstation.

37. Providing the sit to walk workstation for use by the Plaintiff is reasonable.

38. Defendant has failed to discuss, within an interactive process, Plaintiff's request for reasonable accommodation.

39. Defendant has failed to provide the sit to walk workstation and has failed to provide any other reasonable accommodation that is within Plaintiff's normal workday.

40. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices the Plaintiff has been damaged.

## VI  DAMAGES

WHEREFORE, the Plaintiff prays for judgment in his favor and against the Defendant and prays that the following relief be awarded to him:

A. A declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that Defendant has willfully violated the rights of the Plaintiff as secured by the Rehabilitation Act of 1973 and as further interpreted by the ADAAA.

B. A mandatory injunction enjoining the Defendant from continuing to violate the Rehabilitation Act of 1973; requiring the Defendant to fully participate in an interactive process and to grant a reasonable accommodation

C. Compensatory and consequential damages caused by the Defendant's violation of the Rehabilitation Act of 1973;

D. An award of reasonable attorney fees and the costs and expenses related to this litigation; and

E. Such other and further relief as deemed appropriate.

## XI.  JURY DEMAND

Plaintiff demands trial by jury on all issues.

PARKER LAW OFFICE

*/s/ Blake Parker*

_____
Blake Parker          ARDC # 3122919
719 South 2nd Street
Clinton, IA 52732
blakeparkerlaw@gmail.com
Telephone:    800-387-8167
Facsimile:     888-269-4409

Attorney for Plaintiff